UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ARTHUR HEARON, | ) CASE NO. 4:12CV1001 |
| | ) |
| Petitioner | ) JUDGE CHRISTOPHER A. BOYKO |
| | ) |
| -vs- | ) |
| | ) |
| ROBERT FARLEY, WARDEN, | ) MEMORANDUM OF OPINION |
| F.C.I. ELKTON, | ) AND ORDER |
| | ) |
| Respondent. | ) |

      Before the Court is *ro se* Petitioner Arthur Hearon's above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), names F.C.I. Elkton Warden Robert Farley as Respondent. He seeks an Order from this Court directing the Respondent to evaluate his eligibility for placement in a Residential Reentry Center (RRC) pursuant to the five factors set forth in 18 U.S.C. § 3621(b). For the reasons outlined below, the Petition is dismissed.

### *Background*

      Petitioner was named in an indictment filed in the United States District Court for the

Northern District of Illinois. *United States v. Smith, et al.*, Case No.1:06-cr-00684 (N.D. Ill. Sept. 20, 2006).[1] A superceding indictment was filed six months later charging Petitioner with conspiracy to possess and distribute heroin. *Id*. (Doc. No. 206.) Petitioner pled guilty to Count One of the superceding indictment on April 1, 2008. At sentencing, the government dismissed Count One of the original indictment. Judge Blanche M. Manning then ordered Petitioner to serve 56 months in prison followed by three years of supervised release. *Id*. (Doc. No. 789.)

### *Discussion*

The bulk of the Petition before this Court is comprised of an exhaustive overview of the legislative history of the Second Chance of Act of 2007, Pub.L. 110-199, 122 Stat. 657. Petitioner criticizes the manner in which the Bureau of Prisons (BOP) has implemented its application of the Act over the years through BOP policy. He provides a generic outline of the propriety of seeking habeas relief and the futility of attempting to exhaust his administrative remedies. Petitioner fails to detail, however, from what injury he is suffering or that his cause is ripe for adjudication.

In his conclusion, Petitioner asks the Court to grant his application for a writ of habeas corpus by ordering the BOP to evaluate his eligibility for placement in a RRC using the five factors set forth in 18 U.S.C. §3621(b). He also requests the maximum amount of time in a RRC to "provide the 'greatest likelihood of successful reintegration into the community.'" (Pet. at 18). He does not allege he was ever evaluated for placement in a RRC/halfway house under the Second Chance Act. Instead, it appears he is seeking prospective relief from this Court whenever he is

---

[1] Details of Petitioner's criminal conviction were garnered from the Public Access to Court Electronic Records (PACER) database

scheduled to be evaluated for RRC placement.

Petitioner asserts that the requirement to exhaust his administrative remedies should be waived based on futility. First, he complains the BOP is predisposed to deny his request because BOP Director Harley Lappin allegedly does not believe prisoners require more than 6 months placement in RRCs.[2] Second, he explains that he could not be released to an RRC 12 months before his prison term ends because the normal timetable for administrative review would extend beyond his requested release period. The BOP Inmate Locator reveals Petitioner is scheduled for release from prison on May 14, 2013.[3] *See* http://www.bop.gov/iloc2/InmateFinderServlet?

### *Initial Review*

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970)(citations omitted), *cert. denied* 400 U.S. 906 (1970). Petitioner has not met his burden.

### *28 U.S.C. §2241*

Federal prisoner claims, which seek to challenge the execution or manner in which

---

[2] Petitioner bases his opinion of Mr. Lappin's position on the Director's alleged quotations before the United States Sentencing Commission in July 2008.

[3] As prisoners are generally screened for placement 16-18 months before release, Petitioner's evaluation for RRC placement should have taken place shortly after he filed the Petition before this Court.

a sentence is served, must be filed pursuant to 28 U.S.C. §2241 in the court having jurisdiction over the prisoner's custodian. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Here, Petitioner alleges he is attacking the manner in which his federal sentence is being served. While the Petition may be otherwise defective, it purports to allege the Respondent is not properly executing his prison sentence. Moreover, the Petitioner's custodian is located within this Court's personal jurisdiction. Thus the matter was properly filed in this Court.

In addition to establishing personal jurisdiction over Petitioner's custodian, a federal prisoner must first exhaust available remedies before filing a § 2241 petition for habeas corpus relief. *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.1981). Exhaustion of administrative remedies within the BOP is a non-jurisdictional prerequisite to seeking review of the BOP's calculation of an inmate's release date. *See United States v. Westmoreland*, 974 F.2d 736, 737-38 (6th Cir.1992), *cert. denied*, 507 U.S. 1019 (1993).

Petitioner argues he is entitled to waive the exhaustion requirement based on futility. Where, as here, exhaustion is not a strict statutory, or otherwise jurisdictional, requirement, *Reno v. Koray*, 515 U.S. 50, 54-55 (1995), it is sometimes more efficient to decide a petitioners' claims on the merits. *See id.* ("[w]here exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court.")  A thorough review of the Petition before this Court suggests it would be more efficient to resolve the merits of Petitioner's claim than to address the propriety of exhaustion. *See Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir.) ("judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated"), *cert. denied*, 528

U.S. 846 (1999)(exhaustion of state remedies).

### *Ripeness*

Before reaching the merits of a case, however, federal courts are obliged to ensure they enjoy subject matter jurisdiction. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431 (2007)("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits")(internal quotation marks omitted). The reach of a federal court's jurisdiction is limited by Article III of the Constitution to actual cases and controversies. U.S. CONST. art. III, § 2; *In re Cassim*, 594 F.3d 432, 437 (6th Cir.2010). Accordingly, "[t]he ripeness doctrine has developed 'to ensure that courts decide only existing, substantial controversies.' " *Cassim*, 594 F.3d at 437 (quoting *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.*, 274 F.3d 377, 399 (6th Cir.2001)).

"If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." *Bigelow v. Michigan Dep't of Natural Res.*, 970 F.2d 154, 157 (6th Cir.1992). In determining whether a case is ripe, the Sixth Circuit has established the following test: "(1) the likelihood that the harm alleged by the plaintiffs will ever come to pass; (2) whether the factual record is sufficiently developed to produce a fair adjudication of the merits of the parties' respective claims; and (3) the hardship to the parties if judicial relief is denied at this stage in the proceedings." *Warshak v. United States*, 490 F.3d 455, 467 (6th Cir.2007)(internal quotations and citations omitted).

The first factor reflects the fact that "[r]ipeness, while often spoken of as a justiciability doctrine distinct from standing, in fact shares the constitutional requirement of standing that an injury in fact be certainly impending." *Nat'l Treasury Employees Union v. United States*, 101

F.3d 1423, 1427 (D.C.Cir.1996). Therefore, whether or not the harm Petitioner alleges will actually manifest also calls into question his Article III standing to raise a claim. Petitioner suggests that his successful transition from prison to society will be thwarted if he is not placed in a RRC for the maximum possible term. Under this scenario, Petitioner would only suffer an injury if he were placed in a RRC for less time than he believes he is entitled. Considering the references included in his Petition, he presupposes he is entitled to 12 months placement in a RRC unless the BOP can explain otherwise. No such entitlement exists. Even if this Court provided the relief Petitioner requests (e.g. a placement evaluation under 18 U.S.C. §3624), the Petition fails to allege an immediate injury or the possibility of an impending one.

Secondly, no factual record exists that would "produce a fair adjudication of the merits" of Petitioner's claims. He has neither been denied a § 3624 evaluation nor has he been advised that he would be placed in a RRC without the benefit of a § 3624 evaluation. There are no facts alleged that would allow this Court to adjudicate Petitioner's claims.

Finally, without an immediate or potential injury to Petitioner, and no facts upon which this Court could adjudicate his claim, there would be no hardship to the parties resulting from the denial of his Petition. The "basic rationale" of the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148 (1967). At this stage there is no concrete injury from which Petitioner is suffering and for which this Court could provide relief. Accordingly, the Court lacks subject matter jurisdiction over this Petition.

### *Conclusion*

Based on the foregoing, the Motion to Proceed *In Forma Pauperis* (ECF No. 2) status

is granted. This action is dismissed pursuant to 28 U.S.C. §2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

        IT IS SO ORDERED.

                                    s/ Christopher A. Boyko
                                    CHRISTOPHER A. BOYKO
                                    UNITED STATES DISTRICT JUDGE

DATED: June 19, 2012

---

[4] The statute provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).